UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMIE ANTHONY MOMMENS,

    Plaintiff,

v.                                                      Case No.:  2:21-cv-952-SPC-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Kyle Dudek's Report and Recommendation ("R&R") (Doc. 22). Judge Dudek recommends affirming the Commissioner's decision and to enter judgment against Mommens. Mommens objects to the R&R (Doc. 23), to which Defendant Commissioner of Social Security has responded (Doc. 25). Thus, the R&R is ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When objections are made to a report and recommendation, the district court

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a careful and independent review, the Court overrules the objections and adopts the R&R in full. Mommens' objections largely rehash prior arguments hoping the undersigned will disagree with Judge Dudek's analysis. *See* Cole v. Comm'r of Soc. Sec'y, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at *1 (M.D. Fla. Dec. 10, 2021) (summarily rejecting mere re-argument objections). But the undersigned agrees with the well-reasoned R&R. That said, the Court offers some additional analysis on Mommens' specific objections and why they are overruled.

First, Mommens objects because Judge Dudek improperly found that the ALJ did not "play doctor" when he rejected the medical opinions about Mommens' functional limitations. But the Court agrees with Judge Dudek's finding.

"[T]he task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor." ALJ Moore v. Comm'r of Soc. Sec., 649 F. App'x 941, 945 (11th Cir. 2016); *see* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . . , the administrative law judge . . . is responsible for assessing your residual functional capacity."). And an ALJ, not a doctor, must resolve conflicting medical evidence when formulating the RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); Dale v. Comm'r of Soc. Sec., No.

2

2:20-CV-521-NPM, 2022 WL 909753, at *8 (M.D. Fla. Mar. 29, 2022). As a result, an ALJ only commits error when she rejects medical evidence "without (at least) providing a good reason for doing so." *Sneed v. Comm'r of Soc. Sec.*, No. 6:13-CV1453-ORL-TBS, 2015 WL 1268257, at *7 (M.D. Fla. Mar. 19, 2015).

Reviewing the ALJ's RPC de novo, it becomes clear that the ALJ did not "play doctor" by rejecting certain medical opinions. Here, after reviewing Dr. Alvarez's most recent opinion and comparing them to her prior opinions, the ALJ found them to be somewhat contradictory. The ALJ also compared Dr. Alvarez's opinion with the opinion of the state medical consultants, noting the differences, and acknowledging the persuasiveness, or lack thereof, of each. Nothing in the ALJ's opinion demonstrates she acted as doctor. Instead, the ALJ followed the law to properly review the evidence and use the medical opinions to issue its decision. As a result, Judge Dudek's Order properly upheld the ALJ's RFC.

Mommens continues his objection by rehashing his argument that the ALJ's had an unfulfilled duty to develop the record more by ordering additional examination of Mommens' claims and evaluating additional medical opinions about the same. Judge Dudek properly recited the law when he noted that, to establish an evidentiary gap in the record requiring the ALJ to continue its fact-finding mission, Mommens was required to "identify what facts could have been submitted that would have changed the outcome." *Correa v. Colvin*, No.

3

8:15-CV-461-T-TGW, 2016 WL 7334642, at *4 (M.D. Fla. Mar. 18, 2016). Mommens asserts that the "absence of a reliable interpretation of the medical records in the ALJ's eyes" creates an evidentiary gap. (Doc. 23 at 2). But that alone is not enough to require the ALJ to order additional examination to fill that gap. As noted above, Mommens had to affirmatively demonstrate facts that would have created the evidentiary gap, thereby changing the ultimate outcome. *See Correa,* 2016 WL 7334642, at *4. Mommens did no such thing. Instead, Mommens identifies an absence of evidence, but fails to note what evidence would fill this evidentiary gap. Because Mommens never met his burden, the ALJ properly denied benefits. The ruling, therefore, must stand.

Second, Mommens objects to Judge Dudek's finding that the ALJ's evaluation of the opinion evidence was supported by substantial evidence, making it persuasive. Mommens' objection mirrors the arguments he presented in his original Memorandum. When examining whether a medical opinion is persuasive, an ALJ must consider several factors, the two most important being supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a), 404.1520c(b)(2), 416.920c(b)(2). When making its determination, the ALJ must explain "how [she] considered the supportability and consistency factors for a medical source's medical opinions." *Id.*

Here, reviewing Judge Dudek's R&R, the Court agrees with his findings that the ALJ's evaluation was supported by substantial evidence. Mommens

4

argues that Judge Dudek improperly upheld the ALJ's determination that his treatment was "generally conservative." (Doc. 22 at 14). To support this argument, Mommens cites to other courts where similar treatment was seen as non-conservative. But this is not dispositive. Judge Dudek correctly notes that "the question is not whether other courts characterize similar treatment as non-conservative or even whether the evidence is more likely to be considered non-conservative. Rather, it is whether substantial evidence supports the conservative determination." (Doc. 22 at 13). As a result, the ALJ's findings, based on the medical records before it, that Mommens treatment was "generally conservative" was not improper.

Upon further review of the ALJ's findings, it becomes evident there is ample evidence in the record to support the ALJ's findings about Mommens' treatment. The ALJ analyzed these medical records and described in great detail how Mommens' treatment was categorized and why it determined that it was "generally conservative." Because the ALJ's decision was legally sound, and Mommens does not provide this Court with any additional or new arguments, the Court agrees with Judge Dudek's R&R.

Accordingly, it is now

    **ORDERED:**

1. United States Magistrate Judge Kyle Dudek's Report and Recommendation (Doc. 22) is **ACCEPTED and ADOPTED**, and the findings incorporated here.

2. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 23) are **OVERRULED**.

3. The Commissioner of Social Security's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record